The next case on our call this morning is Agenda No. 5, Case No. 103-972, People of the State of Illinois v. Vernon Ross. Ms. Cornelius, are you ready to proceed? Mr. Chief Justice, Honorable Justices, Counsel, and may it please the Court, I am Aisha Cornelius, Assistant State's Attorney, on behalf of the people of Illinois. We respectfully request that this Court find the appellate court erred in determining it had jurisdiction over the defendant's untimely appeal. We further request that this Court find the appellate court erred in reversing the defendant's conviction for armed robbery, where, under the appropriate standard of review, his conviction should be affirmed. On the evening of January 18, 1999, our victim, in this case, was returning home from work when he encountered the defendant. The defendant followed the victim for some distance and then produced a weapon, demanding the victim's money and wallet. The victim described the weapon as a small black gun, which he could clearly see as the defendant and victim were in close proximity, and the defendant kept the gun pointed at the victim's upper body for the duration of the robbery. Following the robbery, the victim is able to get away and quickly get assistance, as three plainclothes officers were within the vicinity of the robbery. As the officers approach the defendant, they see the defendant take out the gun and wallet and throw them to the ground. Both are recovered and both are identified by the victim, that the wallet is his wallet and the weapon recovered is the weapon that the defendant used during the armed robbery. The officer that testified in this case described the weapon as a 4.5 caliber pellet gun with a three inch barrel and it was black in color. Following the trial, the trial court finds the defendant guilty of armed robbery and after denying a motion for new trial, the defendant is sentenced to eight years imprisonment. Following the sentencing, the defendant does not file a notice of appeal. In fact, following the 30 day time period for filing a notice of appeal, the defendant does not file a motion in a reviewing court to hear a late notice of appeal during the six month period after that first time period. In fact, the defendant filed first a pro se post conviction petition two years later alleging among other things that his counsel was ineffective for failing to file a timely notice of appeal. The trial court agrees and allows the defendant to backdate his notice of appeal on June 17th, 2005 to backdate his appeal non pro tonque as to the date of his sentencing five years earlier. In this case, the appellate court acknowledged that the non pro tonque language was invalid and nonetheless held that it had jurisdiction over the defendant's appeal. The appellate court further held that the defendant had not been proven guilty beyond a reasonable doubt of the armed robbery and reversed the conviction as it pertained to the dangerous weapon and remanded the case for the trial court to enter a sentence on simple robbery solely. This brings me to the first issue in this case. The trial court's order allowing the defendant to file a late notice of appeal violates this court's rules governing appellate procedure. Supreme Court Rule 606 regulates the perfection of a defendant's right to an appeal. Subsection B provides that a notice of appeal must be filed with the clerk of the circuit court within 30 days following the trial court's final order. According to the statute, no notice of appeal, no appeal may be taken from the trial court to a reviewing court unless there has been some motion filed pursuant to subsection C within the reviewing court. In this case, there was no notice of appeal filed within either time period expressed in Supreme Court Rule 606. As this court has recently held less than a month ago in People v. Smith, unless there is a validly filed notice of appeal, the appellate court has no jurisdiction to hear the appeal and is obliged to dismiss it. This court took the opportunity in People v. Smith to note that ascertaining whether or not the court has jurisdiction is the most important primary task an appellate court must do. The second task is likened to the first task. The appellate court must then determine what issues, if any, have been forfeited. The underlying concept or the underlying principle is where the appellate court has the power to act. In paying attention to these two important primary tasks, the appellate court can avoid a dispute. Is there a distinction, Ms. Cornelius, between cases where there was a direct appeal and that the defendant would have a remedy by filing a post-conviction ineffective assistance of counsel claim versus a case, which seems to be this case, where there was no direct appeal and maybe fundamental fairness would require the right to an appeal because the ineffectiveness came in not filing the appeal at all. And that's what happened here, right? There was no direct appeal, am I right? That's correct, Judge. There was no direct appeal at all, and that was, according to the trial court, due to ineffective assistance of counsel. So my question goes to, if there has been a direct appeal and then you come before the trial judge in a post-conviction petition, should that he or she be allowed to order an appeal where there's already been a direct appeal based on ineffective assistance where you could always file a subsequent, you know, post-conviction petition, successive post-conviction petition, or even rule on an ineffectiveness of counsel claim there versus a case such as this one in which there has been no direct appeal, and if the post-conviction court can't order a direct appeal, there will be no direct appeal? Yes, Your Honor, I believe the distinction is that previously where there has been a direct appeal that the appellate court has had some jurisdiction over the case. In this case, where there was no direct appeal and no valid notice of appeal, the jurisdiction in the appellate court has never been invoked. And even where this is due to the ineffective assistance of counsel, as this court has held and people v. Lyle's, where there is a violation of this court's rules, it is up to the lower courts to abide by and comply and enforce the procedural rules. I guess what I'm really arguing or questioning is a general, I think a general rule with respect to the fact that if there's been a direct appeal, post-conviction court cannot order another appeal because they've had their appeal regardless, and they still have another remedy in an ineffective assistance claim. But I believe there's a couple of appellate court opinions that have said there's an exception to that rule if you go before the post-conviction court and say, hey, there hasn't even been a direct appeal here. This is my one chance to get a direct appeal. Why wouldn't a fundamental fairness exception in that case, and in fact in this case, because there wasn't a direct appeal applied? Well, Your Honor, even considerations of fundamental fairness, where there's competing interest between the defendant's right to a direct appeal and this court's clear and unambiguous rules, even if there are issues of fundamental fairness that a defendant should be allowed a direct appeal, it is not for the trial courts or the appellate courts to decide this. Whether this court expressly stated in the people v. Lyle's decision where it ultimately allowed the defendant's appeal to proceed under its supervisor authority. Counsel, counsel, if I may, I think that your argument to this point in the main has been correct when relative to our rules. My question is, in a case like the one immediately before us, no notice of appeal filed, one could think that that might be an effective assistance of counsel as well. Where, but in a case where a defendant is totally denied an appeal and being represented at the appeal, which I think our case law suggests is a fundamental privilege or right of the defendant, what's the remedy? Where do we go after we say, the rules say that he's filed this outside the rule, the defendant can't order an appeal, you trial, you PC judge cannot order an appeal. What's the remedy for that defendant to get what we all agree he's entitled to under the law? Yes, your honor, in the case of people v. Moore, this court held that the defendant's remedies can be, one, to request this court to allow the late notice of appeal under its supervisory authority, or that the defendant is allowed the functional equivalent of a direct appeal. In this case, what the trial court could have done is allowed the defendant to, once he obtained an effective assistance of counsel, could have allowed the defendant to file an appeal as if he would have in the appellate court. The trial court could have then reviewed the merits of the case without the normal procedural powers of cognizability, waiver, or res judicata, and then made a determination on what remedy was appropriate under what it was allowed to do under the Post-Conviction Hearing Act. Any result that the trial court came to could have been appealed by either side. Has that ever been done? Do you have a case where you can point to where that's happened? No, your honor, there's no case that in my review has shown it. However, the people v. Moore, by indicating that the defendant is allowed at least the functional equivalent of a direct appeal, that type of scenario can fall under that. If we can, can we talk about the second category of case that Justice Thomas mentioned? And that was a situation where there was ineffective assistance of counsel other than the failure to file a notice of appeal. Yes. And so in those cases, there was, in fact, an appeal, but the appeal was tainted with the ineffective assistance, whatever the act of ineffective assistance was. Is there any remedy available to a defendant in that position at the PC level? I believe your honors are referring to a scenario similar in the people v. Golden case. Probably, yes. And in that case, again, where there is a violation where the defendant is denied his right to an appeal based on ineffective assistance of counsel, and there is... He has an appeal, but when you look at it, he is unable to even argue the issue that was his issue for appeal. Is that a denial of an appeal? Is that how we should treat that, or is there some other way we should treat that? Your honor, I believe that specific to that fact scenario, it would be dependent on whether or not this court were determined that what happened in the appellate court amounted to denial of an appeal. Sure. Well, let's go back. Let's just stay with the trial court for a moment, though. I mean, we'll assume the trial court has a hearing, and the result of that hearing is that the failure to file the proper record was ineffective assistance of counsel. And the trial judge says, you're right. I'm finding that there's ineffective assistance of counsel here. But this trial judge says what you would want him to say, I think. But I can't order an appeal because that's not within my jurisdiction. And probably as well, anyway, all the time periods that I'm aware of have run. And therefore, I'm not going to do anything. Well, your honor, there are, sorry. Is there any remedy for a defendant who finds himself in that position? There are other remedies that a trial court is allowed to do under the Post-Conviction Hearing Act, other than allowing or violating this court's rules by allowing a notice of appeal at that stage. And even in that circumstance, the defendant is free to seek this court's supervisory authority to allow him to proceed. Looks like we're going to be pretty busy with using our supervisory authority if we go there. I mean, I agree with that may be a possibility, but I'm not sure that that's practically for handling every possible case the right remedy. So we're really kind of looking for you now to see if there's some other remedy that might be comparable to the one you suggested in the case for when there was no notice of appeal filed. I see, your honor. You seem to indicate that the post-conviction remedy would be a possible way for this defendant to come back in, to be heard. I'm sorry, can you restate? The post-conviction remedy? Yes, your honor. But is that adequate under, when counsel under the PC Hearing Act, he's not required to provide constitutionally effective assistance to counsel, but only reasonable assistance under the act. But if an appeal were taken, the standard would be different for counsel. So would it, going back to fundamental fairness, what kind of remedy could be fashioned for a defendant who is finding himself in this position? Again, your honor, I believe in that scenario, as we proffered under People v. Moore, is allowed the functional equivalent of a direct appeal. The trial court could allow the defendant to proceed as if it were in the appellate court. We went through that. I think you discussed that earlier. Correct. So if I can just tie off my piece, though. You would suggest the same remedy for both classic cases, for the no notice of appeal and the ineffective assistance of counsel. Both as PCs during which the judge would make a decision as to what the trial, or what the appellate court would have done, and craft a remedy around that. No? I think the underlying premise is that the trial court does not have the authority to allow a direct appeal where none was ever filed, or to reinstate, or the trial court does not have the power to confer jurisdiction onto a higher court, as that would be a violation of this court's rules as expressed. I think what may be something that this court is considering is to allow an exception to this court's rules in particular circumstances. However, the people's position would be to oppose any exception of the rules. But there is a difference. I mean, there really is a difference. Because in the one case that Justice Fitzgerald is talking about, that we've all talked about, where there's a direct appeal, and you don't like, you have an ineffective assistance of counsel PC, you don't like how that appeal turned out. In the other case, you have a situation where there has been no direct appeal. And, you know, I mentioned these appellate court cases. The case of People v. Perez, it seems to stem back to that, where their quote was the trial court is not limited in its remedies by section 122-6. Instead, a trial court may enter any order that serves the purpose of the act, which is to promote the concept of fundamental fairness. So they incorporate the purpose of the act as being fundamental fairness, and what could be more fundamentally fair than, in your words, and again, in my words too, creating an exception when there hasn't been any direct appeal. Perez did allow a late notice of appeal. I authored a case in the appellate court, People v. Swanson, that allowed a late notice of appeal in the same setting. So whether we call it an exception or in circumstances where there hasn't been a direct appeal, that it would be allowed if it promotes the policies of the act, which are fundamental fairness. There is a difference there, though, right? I mean, isn't there a difference between when there has been a direct appeal? Yes, Your Honor, I agree that there's a difference procedurally and substantively in a case where there's been a direct appeal and when there's a complete denial to a direct appeal. And even if this court were to read into the Post-Conviction Hearing Act that, under fundamental fairness, that allowing a defendant late notice of appeal would be allowable in certain circumstances, this would still violate this court's rules and this court would, in effect, have to create an exception to its rules. And we would argue against creating an exception. Even with this court's clear and unambiguous rules, the lower courts appear somehow confused over when to enforce its rules. Creating an exception would significantly undermine this court's supervisory authority and its ability to excuse noncompliance under its procedural rules. Rather, we respectfully request that this court vigorously guard its supervisory authority as the sole body to excuse, to exercise the discretion in certain circumstances. Ultimately, in this case, there was no notice, timely notice of appeal filed, and jurisdiction is not optional. And we would request that, we would indicate that the defendant can only allow, is to proceed with his appeal under this court's sole discretion. Your Honor, in the second issue, which I see that my timer is ringing out, it's the people's position that the appellate court misapplied the appropriate standard of review and did not review the facts in this case in the light most favorable to the prosecution. This court's standard, the appropriate standard of review is, as this court indicated in Peeble v. Smith, it's on that same level of significance of the primary task that the court must do. Beyond ascertaining its jurisdiction and what issues have been forfeited, it must ascertain what is the appropriate standard of review. And in this case, the appellate court articulated the appropriate standard of review and that in the light most favorable to the prosecution, could any rational trial effect have found all the essential elements of the crime. However, it went and did more of a de novo standard of review, as if the trial court had made the determination that the dangerous weapon was dangerous as a matter of law. However, a review of the record indicates that the trial court was well aware that this was a question of fact, as this court has held in Peeble v. Skelton. In the record, pages Y14 through Y16, the trial court goes through some discussion about the prevailing authorities and indicates that the question of the character of the weapon, and this is on the motion for a new trial, is a question of fact for the finder of fact. The trial court then reviewed the elements of the evidence that were presented that weigh in the favor of finding that the pellet gun was dangerous, including the proximity of the victim to the defendant, the duration of the robbery, that the defendant kept the pellet gun pointed at the upper body of the victim for the duration of the robbery, that you have not one but two eyewitnesses to identify the weapon used as a gun, and the officer testified that it was a 4.5 caliber pellet gun. Accordingly, the trial court, in the motion for a new trial, affirmed that the weapon used was a dangerous weapon. In our appellate brief, we pointed to the case of Peeble v. Greer for the fact that a trial of fact could have inferred without the direct testimony that a gun was loaded and operable. And I'll note that this court has already reviewed the Peeble v. Greer decision in the Peeble v. Skelton and noted that the state may prove the dangerous of a weapon based on circumstantial evidence as opposed to direct evidence, and we ask that this court affirm that position in Peeble v. Skelton. Accordingly, we request that this court reverse the appellate court's ruling and affirm the defendant's conviction. Thank you, Ms. Cornelius. Ms. Levy. My name is Rebecca Levy from the Office of the State Appellate Defender, arguing on behalf of the defendant, Vernon Ross. The circuit court had jurisdiction in this case to order that the defendant receive a direct appeal. There is no dispute among the parties that Ross was denied his constitutional right to a direct appeal through no fault of his own. Rule 606 does not operate in this situation to deprive the circuit court of jurisdiction to order that a defendant receive a direct appeal. Rule 606 is one way for a defendant to file a late notice of appeal, and the Post-Conviction Hearing Act is an entirely separate mechanism by which criminal defendants whose constitutional rights have been denied can have that right restored or have the denial of that right remedied. And in this case, obviously, the right that Ross was denied was his right to a direct appeal, and the circuit court properly remedied the denial of that right by allowing Ross to have his direct appeal. Because Ross obtained his direct appeal under the Post-Conviction Hearing Act, Rule 606 shouldn't apply here. Our reading of Moore is a little different than the State's, in that we think that this Court in Moore noted with approval the procedure that the defendant followed in the instant case. Moore was a little different in that the defendant there had filed a notice of appeal, but his attorney was ineffective for allowing the appeal to be dismissed for want of prosecution. The defendant filed a motion in the appellate court asking the court to reinstate the appeal, which the court denied, and then this court ultimately reinstated the defendant's appeal. But in Moore, this court noted that an alternate route the defendant could have taken to gain his direct appeal would have been to file a post-conviction petition addressed in the first instance to the circuit court. This court didn't prefer that remedy in Moore because it would have been a waste of judicial resources to have the defendant go back and file a post-conviction petition when this court could just reinstate his appeal. But this court also noted that in cases where there would need to be findings of fact made by the circuit court regarding the effectiveness of the defendant's attorney, it would be preferable for the defendant to first file a post-conviction petition there. And that's exactly what the defendant did in this case. He filed his petition arguing that his lawyer was ineffective. The circuit court held an evidentiary hearing at which both the lawyer and the defendant testified. And at the conclusion of the hearing, the court found that the lawyer was ineffective for not entering, for never filing the notice of appeal. It would make little sense to allow defendants whose right to a direct appeal was denied as a result of their lawyer's ineffectiveness in failing to file a briefing on appeal to have their right restored via a post-conviction petition, but not allow defendants whose right to a direct appeal was denied when the attorney failed to file a notice of appeal altogether to do the same thing. In both cases, the defendant has been completely denied his right to a direct appeal through no fault of his own. And the same remedy should be available in both situations. Next, the state's suggestion that the defendant litigate his entire direct appeal within the circuit court is not an adequate remedy to the denial of a defendant's right to a direct appeal. Also, in Moore, this court recognized that defendants who had been denied their right to a direct appeal through no fault of their own have to receive the equivalent of a direct appeal. And in enforcing that, the court can't make him clear hurdles additional to those defendants whose right to a direct appeal was not denied. And having the circuit court act as the appellate court puts the defendant in a worse position than he would have been if he had received his direct appeal for several reasons. First, the defendant would be filing the post-conviction petition before the same court who presided over his trial convicted him and sentenced him. He would not be receiving the benefit of an independent three-judge panel review, reviewing the circuit court's findings, and instead, the circuit court would be essentially sitting in judgment of itself. The defendant's also deprived of time. He's entitled to a timely appeal. He's already lost time in getting his appeal due to his attorney's ineffectiveness and requiring him to first litigate his entire appeal in the circuit court before he can appeal that decision puts him back in time even further to his detriment. Third, forcing the defendant to file a post-conviction petition in which he raises the issues that he would have raised on direct appeal necessarily injects prejudice into the proceedings, which a defendant who has been denied his right to direct appeal doesn't have to show. And it's also a waste of judicial resources to make a defendant in Ross' situation go back and file a second post-conviction petition when the appellate court's already heard his direct appeal and it would be a waste of both the circuit court's time and the appellate court's time to have the defendant go back and start all over again with a new direct appeal. The Post-Conviction Hearing Act itself doesn't preclude the circuit court's remedy in this case. The list of remedies included in the act is not an all-inclusive list, and it can't really be because the purpose of the act is to remedy the denial of a defendant's constitutional right. The act isn't contemplated to remedy the denial of some constitutional rights and not others, and for closing the circuit court from allowing defendants to have a direct appeal when they were denied their right to the direct appeal through no fault of their own goes against the purpose of the act. And finally on this issue, if this court does find that the circuit court did not have jurisdiction to allow the defendant to have his direct appeal, we're asking that this court enter a supervisory order allowing Ross to have his direct appeal. If there are no questions on this issue, I'll move on to the second issue. The appellate court properly found that the state failed to prove the weapon used during the robbery was a dangerous weapon. The appellate court's opinion does not change any aspect of armed robbery law, and upholding the appellate court's ruling will not mean that the state will be forced to recover and introduce all guns at trial in order to obtain an armed robbery conviction. In Skelton, this court held that real guns are per se dangerous weapons under the armed robbery statute. If the only testimony in a case is that the weapon used was a gun, without any further qualification that the gun was not a real gun, meaning that it wasn't a toy gun or a pellet gun or a BB gun, the state has sufficient evidence that the weapon used was a dangerous weapon. But as in a case like the instant one where there's additional evidence presented at trial, and in this case it was presented by the state, that the gun used during the robbery was not a real gun and that it was a pellet gun, the state is required to prove that the pellet gun either could have been or was used as a dangerous weapon during, or could have been or was used in a dangerous manner during the robbery. Here there isn't a dispute that the gun was used in a dangerous manner. It wasn't fired, it wasn't used as a bludgeon. Therefore the state was required to show that the pellet gun could have been used in a dangerous manner and the way the state would prove this would be to present some evidence as to the material makeup of the gun, meaning was it made of metal, wood, was it heavy. The pellet court recognized the state didn't present any evidence whatsoever at trial about the makeup of the gun and properly found that the state's evidence was insufficient to find Ross guilty beyond a reasonable doubt of armed robbery. So the evidence didn't show whether the gun was loaded and whether it was operable or anything like that? There was no evidence presented at trial that the gun was loaded. Did the trial judge assume that or do we know? I don't believe the trial judge did assume that and I think that the evidence in the case, if the trial judge could make an inference as to whether or not the gun was loaded, the evidence presented during trial supports the opposite inference in that the officer who recovered the gun testified that, he didn't testify that there were any pellets in it, he just testified that it was a pellet gun. The inventory report which was introduced at trial doesn't make any mention of pellets being recovered in addition to the gun and certainly if there had been pellets in the gun. It's a hard slip in the record. The gun was not introduced, was it? No, the gun was not introduced at trial. It's a state recognizing that it failed to show at trial that the pellet gun could have been used as a bludgeon is now arguing on appeal that the court should uphold the armed robbery conviction on the basis that the circuit court presumed the gun was loaded and as I just mentioned, the evidence shows if any presumption could have been made, it would have been that the gun wasn't loaded. But the state cannot rely, well the state is allowed to rely on inferences in proving its case and can prove its case by circumstantial evidence. The state can't rely on an uncorroborated presumption or inference to prove one of the entire elements of its case because it's unconstitutional. And in this case, if the state does not present any evidence that the pellet gun was used or could have been used in a dangerous manner like they didn't hear, but the fact finder is allowed to presume that the pellet gun was loaded and the state's argument is that if the gun was loaded, it makes it a dangerous weapon and there is no other evidence presented which showed that the weapon could have been used in a dangerous manner. The state is entirely relieved of proving one of the elements of their crime, which is obviously unconstitutional because the state's required to prove each element of its crime beyond a reasonable doubt. Finally, even if the court can assume that the gun was loaded, the state still didn't prove that the gun could have been used in a dangerous manner. Pellet guns can be loaded with various kinds of pellets, including rubber and paint pellets, and the state should be required to show the type of pellets in the gun and that if the gun was fired, it could have caused harm to someone. Because the state presented no evidence whatsoever that the pellet gun was used in a dangerous manner, the appellate court properly reduced Ross's conviction from armed robbery to robbery, and this court should have pulled the appellate courts over. Was it Ms. Levy or Levy? Levy. Levy. I didn't hear you when you introduced yourself, so you'll end with an easy question. Okay. Thank you, Ms. Levy. Thank you. Is a pellet gun something we commonly refer to as a BB gun? You know, I thought that they were interchangeable, but I recently learned that there is a difference between a pellet gun and a BB gun, so I'm not aware of the difference. I think I read somewhere that it was a BB gun. The inventory report says that it's a pellet gun, and the officer testified that it was a pellet gun, but I might have used the term BB gun in my brief because I mistakenly believed that they were the same, but I've since learned that they're not. Is there a difference? There is, but I don't know what the difference is. I've never seen either one in person, so I can't answer that question. Neither one of them are real guns under this court's holding in Skelton and the appellate court's holding in Thorne. So when you say loaded, the term is used loaded, you mean it was either pellets or BBs in whatever he had? Right. Right. If it was loaded, it wasn't loaded with bullets because it wasn't a real gun. Thank you, Ms. Levy. Thanks. Rebuttal, Ms. Cornelius? It's important to note that the people are not trying to deny the defendant's right to an appeal in this case. We recognize that the defendant has a right to an appeal. However, we offer that any remedy that the post-conviction hearing court gives should be one allowed by the Post-Conviction Hearing Act and not in violation of these rules, or that this court exercise the supervisory authority to allow a violation with this court's rules. As this court stated in People v. Smith, it would be a waste of judicial resources for a court to act where there is no jurisdiction to act. And moving to the second issue, under the standard of review, the standard of review gives full play to the role of the trial fact to weigh the evidence, to determine the credibility of the witnesses, and to make reasonable inferences from basic facts to ultimate facts. So it's important when reviewing whether or not the pellet gun in this case was a dangerous weapon that we look under it through that lens and whether or not any rational trial fact could have found that the pellet gun in this case was a dangerous weapon. Again, the facts in this case are that the gun was used in a dangerous manner, or we do disagree with the counsel's offer of that view of the testimony. The defendant and the victim were in close proximity during the armed robbery. The defendant kept the gun pointed at the upper body of the victim for the duration of the robbery. They were less than five feet apart, and in fact, as the victim put it, they were close enough to smell each other's breath. Certainly a pellet from a pellet gun at that close range, or even if the pellet gun had been used as a blunt, it could have caused serious bodily harm. Now, in this case, there was no direct testimony that the gun was loaded and operable. However, this court has never held that the state is required to prove that the gun is loaded and operable in armed robbery. In fact, this is quoted in People v. Greer in People v. Skelton, to require the state to prove that the gun is loaded and operable in all armed robbery circumstances would greatly restrict the applicability of the armed robbery statute. In fact, the defendant could only be proven guilty if immediately apprehended with the gun still in hand and it is shown to be loaded and operable, or unfortunately, if the defendant actually uses the gun to cause physical harm to the victim. Your Honors, rather, the state is required and allowed under People v. Skelton to rely on circumstantial evidence that the gun used is a dangerous weapon, and this becomes then a question of fact. Where there is a question, it's a question of fact for the finder of fact. And the finder of fact can rely on the evidence presented as well as common sense. And there is no way where there certainly cannot be said that the trial judge's finding, a sophisticated trial of fact, finding that a pellet gun used, a 4.5 caliber pellet gun as it was described by the officer in this case, was a dangerous weapon. It cannot be said that that finding is so improbable and so inconclusive that it would undermine the integrity in the finding that the defendant was guilty of armed robbery. If there are no further questions, we respectfully request that this Court reverse the Appellate Court and affirm the defendant's conviction for armed robbery. Thank you, Ms. Cornelius, and thank you, Ms. Levy. Case number 103-972, People of the State of Illinois v. Vernon Ross is taken under advisement as agenda number 5.